# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF ARKANSAS
# WESTERN DIVISION

ERIC COON and KIM COON                                                                  PLAINTIFFS

v.                       CASE NO. 4:18-CV-00144 BSM

MARK GOBER, et al.                                                                    DEFENDANTS

## ORDER

Summary judgment [Doc. No. 43] is granted on all claims except for Eric Coon's claims that defendants violated the Americans with Disabilities Act ("ADA") and the Arkansas Civil Rights Act ("ACRA") by failing to provide him with a wheelchair to get to the toilet while he was incarcerated in the Drew County Jail. Plaintiffs' motion for class certification [Sec. Am. Compl., ¶¶ 46, 59, 60] is denied.

## I. BACKGROUND

Eric Coon and his father, Kim Coon, allege violations of the ADA, the ACRA, and the U.S. Constitution. The facts, taken in the light most favorable to the Coons, are as follows.

Terran Ward, Eric's girlfriend, was visiting Eric at Kim's house, when a third-party, James Randle, called 911 to report that he saw Eric threatening Ward with a gun and stopping her from leaving the home. Pl. Resp. Def. F. ¶¶ 1, 3. Police Officer Allen Edwards and Drew County Sheriff's Deputies Darren McAdoo and Brandon Wright responded to the call. Def. F. ¶ 4. Sheriff Mark Gober and Deputy Timothy Nichols arrived on the scene later. *Id.* at ¶ 5.

Kim allowed Edwards, Nichols, and Gober inside the house. Pl. Resp. Opp. Mot. Summ. J., 4, ¶ 2. The parties dispute whether Kim allowed the officers to enter the bedroom where Eric and Ward were; however, it is undisputed that Kim showed them where the bedroom was. Pl. Resp. Def. F. ¶ 8. It is undisputed that Gober, Edwards, and Nichols entered the bedroom and saw Eric pointing a gun at himself. *Id.* at ¶ 11. Gober instructed Nichols to shoot Eric with his taser, and Nichols did so. *Id.* at ¶ 12. When Eric was struck by the taser, he shot himself in the head, resulting in a non-lethal wound. *Id.*

Eric was arrested and placed in the county jail. *Id.* at ¶ 15. He made his first court appearance three days later. *Id.* at ¶ 16. Eric stayed in jail for nine days, during which time he was held in a cell for handicapped detainees. *Id.* at ¶ 17; Def. Ex. O. Eric later entered guilty pleas to possession of a defaced firearm and felon in possession of a firearm. Pl. Resp. Def. F. ¶ 18.

## II. LEGAL STANDARD

Summary judgment is appropriate when there is no genuine dispute as to any material fact, and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 249–50 (1986). Once the moving party demonstrates that there is no genuine dispute of material fact, the non-moving party may not rest upon the mere allegations or denials in his pleadings. *Holden v. Hirner*, 663 F.3d 336, 340 (8th Cir. 2011). Instead, the non-moving party must produce admissible evidence demonstrating a genuine factual dispute requiring a trial. *Id.* All reasonable inferences must

be drawn in a light most favorable to the nonmoving party. *Holland v. Sam's Club*, 487 F.3d 641, 643 (8th Cir. 2007). The evidence is not weighed, and no credibility determinations are made. *Jenkins v. Winter*, 540 F.3d 742, 750 (8th Cir. 2008).

## III. DISCUSSION

### A. Qualified Immunity

Government officials are immune from suit unless they violate clearly established rights. *Pearson v. Callahan*, 555 U.S. 223, 231 (2009). Immunity attaches even when a government official makes a mistake of law or fact. *Id.* Summary judgment is proper, based on qualified immunity, if a defendant, as a matter of law, could have reasonably believed that his actions were lawful. *See Anderson v. Creighton*, 483 U.S. 635, 641 (1987). Reasonableness is judged from the perspective of a reasonable officer on the scene, rather than one with 20/20 hindsight. *See Wilson v. Spain*, 209 F.3d 713, 716 (8th Cir. 2000).

### B. Search and Seizure

Summary judgment is granted on the Coons' search and seizure claim because defendants are immune from it. This is true because it was objectively reasonable for the officers to believe their entry into the bedroom was lawful.

The Fourth Amendment prohibits law enforcement officers from entering a home without a search warrant unless exigent circumstances exist. Exigent circumstances exist when an officer has a reasonable concern for his or someone else's safety. *See United States v. Henderson*, 553 F.3d 1163, 1164–65 (8th Cir. 2009). The officers responded to a 911 call

alleging that Eric was threatening his girlfriend with a gun. When the officers arrived at the house, Kim let them in, and they saw Eric with a gun in a room with Ward. The officers did not violated the Fourth Amendment by entering the house because Kim let them in. *See United States v. Uscanga-Ramirez*, 475 F.3d 1024, 1027 (8th Cir. 2007). Moreover, in light of the information they had as a result of the 911 call, and as a result of seeing Eric holding a gun while standing in the bedroom with Ward, it was objectively reasonable for the officers to enter the bedroom. This is true, even if neither Eric, Kim, nor Ward authorized them to enter the bedroom.

    C.    <u>Excessive Force</u>

Summary judgment is granted on Eric's excessive force claim because defendants are immune from it. This is true because it was objectively reasonable for Nichols to tase Eric. *See Hollingsworth v. City of St. Ann*, 800 F. 3d 985, 989 (8th Cir. 2015) (objectively reasonable force is constitutional). The officers were dispatched because there was a report of an armed man threatening his girlfriend. When they arrived, Eric was holding a gun while standing near his girlfriend. Nichols tased Eric after officers attempted to get Eric to put down the gun. Pl. Resp. Opp. Mot. Summ. J., 1, ¶ 1. Although Eric asserts that he was going to put down the gun but was tased before he put it down, he does not dispute the other facts surrounding his tasing. *Id.* Consequently, the force used by Nichols was reasonable and defendants are immune from this claim.

D.  Failure to Intervene

Summary judgment is granted on the Eric's failure to intervene claim. To prove this claim, Eric must first prove that Nichols used excessive force by tasing him. Eric must then show that the other officers were on notice of Nichols's unconstitutional action but failed to take action to stop it. As provided in section C, the tasing was not excessive. Therefore, summary judgment is granted on the failure to intervene claim.

E.  Failure to Assure Prompt First Appearance

Summary judgment is granted on Eric's claim that he was denied a prompt first judicial appearance. To prove this claim, Eric must show that he was denied a prompt first appearance due to a policy or custom, the implementation of which amounts to deliberate indifference, and that his detention shocks the conscience. *Lund v. Hennepin Cty.*, 427 F.3d 1123, 1125–26 (8th Cir. 2005). Eric received his first judicial appearance a mere three days after his arrest, *see* Def.'s Exhibit F, which simply does not evidence deliberate indifference. *See Hayes v. Faulkner County, Ark.*, 388 F.3d 669, 675 (8th Cir. 2004) (thirty-nine days); *Davis v. Hall*, 375 F.3d 703 (8th Cir. 2004) (fifty-seven days). Moreover, nothing indicates the county had a policy or custom of prolonged detentions. *Russell v. Hennepin Cty*, 420 F.3d 841 (8th Cir. 2005).

F.  Disability Discrimination

*1. March 9, 2015, Disability Claim*

Summary judgment is granted on Eric's claim of disability discrimination based on

5

his depression. Major depressive disorder is not, as a matter of law, a disability unless it substantially limits major life activities. *See Heisler v. Metro. Council*, 339 F.3d 622, 628 (8th Cir. 2003). The record is devoid of any facts showing that Eric's depression substantially limits his ability to think, concentrate, and walk, and a bald assertion that one is limited in a major life activity is insufficient to overcome summary judgment. *Heisler,* 339 F.3d at 628. Even if Eric's depression qualified him as a person with a disability, the ADA does not apply to officers responding to disturbances before they secure the scene and "ensur[e] that there is no threat to human life." *DeBoise v. Taser Intern., Inc.*, 760 F.3d 892, 899 (8th Cir. 2014).

### 2. Disability Claims Against the Jail

Summary judgment is granted on Eric's 1983 claims against defendants in their individual capacities alleging disability discrimination. This is true because the ADA's "comprehensive remedial scheme" bars those claims. *Alsbrook v. City of Maumelle*, 184 F.3d 999, 1011 (8th Cir. 1999).

Eric has two remaining ADA claims. First, he asserts that defendants failed to assist him in moving to and from the shower. Summary judgment is granted on this claim. Second, he asserts that defendants failed to give him a wheelchair so he could use the toilet in his cell. Summary judgment is denied on this claim.

    a.    Shower Access

Summary judgment is granted on Eric's shower access claim. *See Randolph v.*

*Rodgers*, 170 F. 3d 850, 858 (8th Cir. 1999). It is clearly established that jail officials must make showers available to detainees. *See Kutrip v. City of St. Louis*, 329 Fed. App'x 683, 685 (8th Cir. 2009). The record shows that an assistance chair was placed in the shower for Eric to use. Pl. Resp. Def. F. ¶ 19; s*ee Kutrip*, 329 Fed. App'x at 685. Moreover, although Eric states in an affidavit that he "was unable to take a shower for the whole time I was there," *see* Affidavit of Eric Coon ¶ 4, he does not dispute that he was assisted in moving to the shower, *see* Pl. Resp. Def. F. ¶19. Consequently, if there is a factual dispute, it is due to Eric's own inconsistent statements, and he cannot create an issue of material fact by giving inconsistent statements. *Planned Parenthood of Minn./S.D. v. Rounds*, 372 F.3d 969, 973 (8th Cir. 2004); s*ee also Am. Airlines, Inc. v. KLM Royal Dutch Airlines, Inc.*, 114 F.3d 108, 111 (8th Cir. 1997) (summary judgment is granted "where a party's sudden and unexplained revision" of events creates an issue of fact where none existed before).

    b.    Toilet Access

Summary judgment is denied on Eric's toilet access claim. Eric alleges that he was denied a wheelchair to help him move from his bed to the toilet and he therefore had to crawl to the toilet. P. Resp. Def. F. ¶ 19. The jail is required to provide disabled inmates with meaningful access to facilities such as bathrooms. *See Mason v. Corr. Med. Servs., Inc.*, 559 F.3d 880, 886 (8th Cir. 2009). Although the jail is not required to provide access to facilities if it would unduly burden the jail, *Randolph*, 170 F.3d at 858, nothing indicates that providing Eric with a wheelchair would have been unduly burdensome. Although the jail

7

provided Eric with a handicap-accessible cell, he was forced to crawl to the toilet. Pl. Resp. Def. F., 4, ¶¶ 18–19. A genuine issue of material fact therefore exists as to whether defendants violated the ADA.

    c.    ACRA

Disability discrimination under ACRA is analyzed the same as under the ADA. *Jackson v. City of Hot Springs*, 751 F.3d 855, 863 (8th Cir. 2014). Summary judgment is therefore granted on Eric's ACRA disability discrimination claims, except for his claim that he was denied meaningful access to the toilet in his cell.

    G.    <u>Class Certification</u>

Class certification is denied because summary judgment is granted as to all claims other than Eric's toilet accessibility claim, and plaintiffs have not submitted evidence beyond their pleadings to satisfy the requirements of Rule 23(a) as to that claim. *Toben v. Bridgestone Retail Ops., LLC*, 751 F.3d 888, 896 (8th Cir. 2014) (summary judgment may be granted before ruling on motions for class certification); Fed. R. Civ. P. 23 (a) (numerosity, commonality, typicality, adequacy).

## IV. CONCLUSION

For the foregoing reasons summary judgment [Doc. No. 43] is granted on all claims except for Eric Coon's claims that defendants violated the ADA and the ACRA by failing to provide him with a wheelchair to get to the toilet while he was incarcerated in the Drew County Jail. Plaintiffs' motion for class certification [Sec. Am. Compl., ¶¶ 46, 59, 60] is

denied.

　　　IT IS SO ORDERED this 18th day of October 2019.

　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE